**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ROSA G. VANDIVER,

               Plaintiff,

   v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

               Defendant.

Case No. 2:18-cv-00362-CWH

**ORDER**

The case involves review of an administrative action by the Commissioner of Social

Security ("Commissioner") denying Plaintiff Rosa Vandiver's ("Plaintiff") application for

disability insurance benefits under Title II and Title XVI of the Social Security Act. The court

has reviewed Plaintiff's motion to remand (ECF No. 18), filed June 15, 2018, and the

Commissioner's response and cross-motion to affirm (ECF Nos. 25, 26), filed September 27,

2018, and Plaintiff's reply (ECF Nos. 27, 29), filed October 9, 2018. The parties consented to

have a United States magistrate judge conduct all proceedings in this case and order entry of a

final judgment under 28 U.S.C. § 636(c). (Consent (ECF No. 19).)

### A. BACKGROUND

**1.    Procedural History**

In April 16, 2015, Plaintiff applied for disability insurance benefits and supplemental

security income under Titles II and XVI of the Act, alleging an onset date of March 17, 2015.

AR[1] 365-368, 371-379. Plaintiff's claim was denied initially, and on reconsideration. AR 212-

215, 216-217. A hearing was held before an Administrative Law Judge ("ALJ") on October 12,

2017. AR 38-80. On October 27, 2017, the ALJ issued a decision finding Plaintiff was not

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 16).)

disabled.  AR 12-34.  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review.  AR 1-6.  Plaintiff, on February 28, 2018, commenced this action for judicial review under 42 U.S.C. §§ 405(g).  *See* ECF Nos. 1, 3.

Plaintiff had previously filed an application for disability insurance benefits which was denied by an ALJ on August 14, 2013, and the Appeals Council denied the claimant's request for review on March 16, 2015.  AR 15.

## 2.    The ALJ Decision

The claimant met the insured status requirements of the Social Security Act through December 31, 2016.  AR 18.  The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920.  AR 18-24.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of August 15, 2013.  AR 18.  At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of degenerative disc disease of the lumbar spine.  *Id.*  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1.  AR 20.  At step four, the ALJ found that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she is unable to climb ladders, ropes or scaffolds.  She is able to occasionally climb ramps and stairs, balance, stoop, kneel and crouch.  She is able to frequently push and pull with her bilateral upper and lower extremities.  She is able to occasionally reach overhead.  She needs to avoid work at unprotected heights or around dangerous moving machinery, pulmonary irritants, excessive vibration, and extreme temperatures.  AR 21.  The ALJ also noted that Plaintiff is capable of performing past relevant work as an automobile sales person, blackjack dealer, and life insurance sales agent.  AR 24.  Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from March 17, 2015 through the date of the decision, on November 1, 2017.  AR 24.

/ / /

/ / /

/ / /

**B.  DISCUSSION**

**1.     Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states:  "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  *Id.*  The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*.  *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record.  *Batson*, 359 F.3d at 1193.  When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.

*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If

the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

*a. Prior disability determination*

Plaintiff argues that the ALJ's RFC determination lacks substantial evidence. First, she argues that she has a physical RFC for no more than sedentary exertion because a prior ALJ decision limited her to a range of sedentary exertion to standing and walking 2 hours in an 8-hour

workday, and evidence submitted since that decision demonstrates that such a limitation is still warranted.

In assessing the evidence, the ALJ noted that he considered *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), which requires that a presumption of nondisability be applied to the adjudication of the period subsequent to the period adjudicated in the previous decision, unless there is new and material evidence affecting a finding or there has been a change in the law, regulations, or rulings affecting the finding or the method for arriving at the finding. In this case, Plaintiff provides no assessment of the evidence which has changed since the prior adjudication, or more importantly, how it is different. The ALJ found that the presumption of nondisability is not rebutted by the additional evidence submitted since the previous decision. Because the additional medical evidence is material to the determination of RFC, the ALJ declined to adopt the finding of the August 14, 2013 decision. The court finds the ALJ did not err in making this determination.

*b. Obesity and other impairments*

Plaintiff argues that she is obese even after weight reduction surgery, and in combination with her back impairment, it precludes her from engaging in prolonged standing and walking required of light work. The Commissioner argues that Plaintiff did not complain about additional limitations of obesity when she applied for benefits.

Obesity, like other medical impairments, will be deemed a "severe" impairment, "when alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-01p (2002). An impairment is severe only if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1522. Because Plaintiff identifies no evidence of record establishing that she has any specific functional limitations attributable to obesity which the ALJ failed to consider, the court finds that the ALJ did not err.

Plaintiff also argues that the ALJ erred in not finding that the following other medical impairments are not severe: wrists, thumbs, left shoulder, and knees. Here, the ALJ discussed each of these impairments in detail, and explained why he determined that they have not resulted

in any significant limitation in her ability to do basic work activities and are therefore, non-severe impairments.  AR 18-19.  Plaintiff makes no argument that the impairments result in any limitations.  The court finds the ALJ did not err in making this determination.

### c. Mental impairment

Plaintiff also argues that the ALJ erred in failing to find that she suffers from a severe mental impairment because she has been treated extensively for depression and anxiety, and that she has a mental RFC for no more than simple work.  The Commissioner argues that treatment itself does not establish a severe impairment.

It is the responsibility of the ALJ, not a physician, to determine residual functional capacity.  *Vertigan v. Halter*, 260 F. 3d 1044, 1049 (9th Cir. 2001).  It is the ALJ's duty to review and interpret the medical opinion evidence and state his findings.  20 C.F.R. 404.1527; *Magallanes v. Bowen*, 881 F. 2d 747, 755 (9th Cir. 1989) (the specific and legitimate standard was met where the ALJ "summarized the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings").  The ALJ is not required to accept all the limitations found by the state agency doctors.  *Id.* (When weighing a medical opinion, the ALJ can consider some portions less significant than others when evaluated against other evidence in the record).  State agency medical consultants and other program physicians are "highly qualified" physicians who are also experts in Social Security disability evaluation.  See 20 C.F.R. § 404.1513a(b)(1).  *See Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002) ("the opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record").

The ALJ reviewed in detail the treatment notes for Plaintiff's mental impairments, and explained that Plaintiff's mental impairments do not cause more than minimal limitations on her ability to perform basic mental work activities, and are therefore non-severe.  AR 19-20.  The ALJ found that the greater weight of evidence reveals that Plaintiff has only mild mental limitations.  *Id*.  He specifically discussed the RFC assessment of APRN Muir, who Plaintiff concedes is not an acceptable medical source, and found that it was inconsistent with the record,

and accordingly, gave it little weight. AR 20. The ALJ also considered the opinions of state agency psychological consultants Drs. Scott and Weiss, but gave little weight to their opinions that limitations were more than mild because the record did not support the degree of limitations found by them. The ALJ did not err in failing to find that Plaintiff suffers from a severe mental impairment.

### d. Subjective complaints

Plaintiff also argues that the ALJ failed to properly evaluate Plaintiff's subjective complaints. The Commissioner responds that there is substantial evidence to support the findings that Plaintiff's subjective allegations of disability are inconsistent with record.

Congress expressly prohibits granting disability benefits based on a claimant's subjective complaints. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability"); 20 C.F.R. § 404.1529(a) (an ALJ "will consider" all of a claimant's statements about symptoms including pain, but "statements about your pain or other symptoms will not alone establish that you are disabled"). An ALJ is required to make specific findings regarding the consistency of a claimant's subjective testimony with the record as a whole. *See* Social Security Ruling (SSR) 16-3p3 (findings "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms"). The court will apply a "clear and convincing reasons" standard when reviewing an ALJ's decision to discredit a claimant's allegations, *see, e.g., Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Here, the ALJ explained his decision regarding his evaluation of Plaintiff's subjective complaints. He noted the objective findings of various medical providers, that she failed to follow prescribed treatment by having back surgery, and that her daily activities indicated she was not disabled. He summarized and discussed in detail the medical records regarding Plaintiff's degenerative disc disease, noting that she had made complaints about back pain and tenderness, had positive straight leg raise, and had received injections, but also had normal findings in gait, strength, and reported no acute distress. AR 22-23. He concluded that although Plaintiff has

1  received treatment for allegedly disabling back pain, that treatment has been essentially routine

2  and conservative in nature.  *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)

3  (discounting claimant's subjective complaints of pain in light of course of treatment).

4  The ALJ also found that the record does not reveal a good reason for Plaintiff to decline

5  back surgery in light of her having several other surgeries.  Plaintiff cites to the Program

6  Operation Manual System (POMS), arguing that the ALJ failed to comply with its requirements

7  in assessing her failure to have surgery.  But Plaintiff concedes that the POMS does not have the

8  force of law.  POMS does not impose judicially enforceable duties on either the court or the ALJ.

9  *Kennedy v. Colvin*, 738 F.3d 1172, 1177 (9th Cir. 2013).  The court finds that the ALJ properly

10  decided that Plaintiff's failure to have surgery, which she justified because she was "not

11  interested," was not a good reason, and is contrary to her claims of disabling pain.  *Molina v.*

12  *Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (ALJ may consider failure to follow prescribed

13  course of treatment).

14  The ALJ also assessed Plaintiff's daily activities, considered her testimony, and found that

15  she had capabilities which support the RFC.  AR 23.  He also explained that the objective

16  findings were not consistent with Plaintiff's allegations or indicative of disabling limitations.  AR

17  22-23.  *See* 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence . . . is a useful indicator to

18  assist us in making reasonable conclusions about the intensity and persistence of your symptoms"

19  and their impact on your ability to work); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)

20  (while a claimant's subjective statements about symptoms "cannot be rejected on the sole ground

21  that it is not fully corroborated by objective medical evidence, the medical evidence is still a

22  relevant factor").  Plaintiff does not discuss any specific objective findings to support her

23  subjective complaints.  The court concludes that there are clear and convincing reasons for the

24  ALJ's findings.

25  Under these circumstances, the ALJ did not err when he considered the clinical evidence

26  and stated his RFC conclusions that included a limitation that Plaintiff could perform light work.

27  The ALJ evaluated the medical evidence and opinions and made a rational interpretation of the

28  overall record.  *See Batson*, 359 F.3d at 1196 ("When evidence reasonably supports either

confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ").

### C.  CONCLUSION

Viewing the evidence as a whole, the court finds that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 18) is denied.

IT IS FURTHER ORDERED that the Commissioner's cross-motion to affirm (ECF No. 25) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must enter judgment in favor of Nancy A. Berryhill, Acting Commissioner of Social Security Administration, and against plaintiff Rosa G. Vandiver.


DATED: January 29, 2019



_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE